UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| VERRAGIO, LTD., <br><br> Plaintiff, <br><br> v. <br><br> SIGNET JEWELERS LIMITED AND STERLING JEWELERS INC., <br><br> Defendants. | Civil Action No. 5:20-cv-01083-JRA-CEH <br><br> Judge Carmen E. Henderson <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND MODIFY CASE MANAGEMENT ORDER** |

Pursuant to Fed. R. Civ. P. 15(a) and 16(b)(4), Defendants Signet Jewelers Limited and Sterling Jewelers Inc. (collectively "Defendants") oppose Plaintiff Verragio, Ltd.'s ("Plaintiff") Motion for Leave to File Second Amended Complaint and Modify Case Management Order (the "Motion").

Plaintiff's Motion is prejudicial and fails the good cause standard under the Federal Rules of Civil Procedure.  The Motion seeks to add a new claim to Plaintiff's Amended Complaint that involves a discrete set of allegations arising from a recent transaction that occurred in Texas, two months after the deadline to amend pleadings in this case.  The new claim is not based on any facts, evidence, accused products, or relied-upon registrations that were raised in the Original Complaint (ECF 1) or Amended Complaint (ECF 18) and will require significant modification to the Case Management Order.  Far from promoting judicial efficiency, joining this remote and unrelated new claim would only delay and unnecessarily complicate the current litigation.  Rather than trying to add an unrelated claim at this late date, Plaintiff's remedy is to file its new claim in Texas, where it properly lies.

**I.      FACTS**

    **A.      Background**

Verragio filed its original complaint against Signet Jewelers Limited on May 18, 2020 (ECF 1) and amended the complaint to add Sterling Jewelers Inc. on September 28, 2020 (ECF 18) (the "Amended Complaint").  The Amended Complaint asserts claims based on four copyright registrations and one trademark registration against four rings sold by Defendants' Kay and Zales businesses, two of which are individual custom rings sold at a Kay store in Portage, Michigan. (ECF 18).  The Case Management Order set the deadline to amend pleadings on December 1, 2020 and the close of fact discovery on May 21, 2021 (ECF 16).

    **B.      Plaintiff's Proposed New Claim**

Plaintiff's proposed new claim bears no relationship to the allegations recited in the Amended Complaint.  This new claim involves a copyright registration, an accused ring, a business of Defendants, a venue and jurisdiction, witnesses, and a set of facts that are entirely unrelated to the present case and which arose nine months after the filing of this case and two months after the Court's deadline for the parties to amend their pleadings.  Plaintiff's proposed claim is against Jared the Galleria of Jewelry, a business that is separate from Defendants' accused Kay Jewelers and Zales businesses, and targets an individual custom ring sold by a particular Jared the Galleria of Jewelry store in McAllen, Texas.  Unlike the accused Kay store in Portage, Michigan, which is five hours away from the Youngstown courthouse and is at least part of the same Sixth Circuit, the accused Jared store in McAllen, Texas is twenty-five hours away and resides in the Fifth Circuit.

Plaintiff's proposed new claim is not contemplated by the Amended Complaint, which already has cobbled together a series of separate transactions which, although complex, at least lie in this Sixth Circuit and have been the subject of the parties' discovery to date.

## II. LEGAL ARGUMENT

### A. Standard

Leave to amend a complaint under Fed. R. Civ. P. 15(a)(2) remains in the sound discretion of the court. *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003). Fed. R. Civ. P. 16 restricts the permitted timing of amendments pursuant to Fed. R. Civ. P. 15(a)(2) according to the scheduling order agreed by the parties and issued by the court, which may be modified only "upon a showing of good cause and by leave of the district judge." *Id.* at 906 quoting Fed. R. Civ. P. 16(b). In determining whether good cause exists, a court must consider not only a movant's diligence, but also prejudice suffered by the opposing party as a result of the proposed modification. *Id.* This good cause standard reflects the reasoning behind Fed. R. Civ. P. 15(a)(2)'s requirement for the opposing party's consent or the court's leave to make a late amendment, and provides context for the rule's specification that a court should freely give leave "when justice so requires." *See id.* at 906-907.

A plaintiff fails to meet the good cause standard of Fed. R. Civ. P. 16 when it seeks leave to amend its complaint to add a wholly new claim not contemplated by the original complaint because it will result in undue prejudice to a defendant. *See id.* (denying leave where defendant would suffer prejudice if plaintiff were allowed to transform the original due process claims into new claims for breach of contract); *Ruth v. Allis-Chalmers Corp.*, 1987 U.S. App. LEXIS 7518 at *19-20 (6th Cir. 1987) (leave denied where "the tendered amendment would have introduced an entirely new claim into the proceedings" and where the underlying facts did not appear in previous filings); *Duchon v. Cajon Co.*, 791 F.2d 43, 48 (6th Cir. 1986) (the "distinct elements and natures" of the existing claims and new claims counseled against granting leave); *see also Hayes v. New England Millwork Distributors, Inc.*, 602 F.2d 15, 20 (1st Cir. 1979) (leave denied because new

3

charge not contemplated by original complaint). In particular, courts have found prejudice and thus a lack of good cause where a plaintiff attempts to add claims that accrued after the transactions that form the basis of the original complaint and after the initiation of the case. *See Ruth*, 1987 U.S. App. LEXIS 7518 at *19.

A plaintiff's allegations of similarity of *legal* issues or a relationship of defendants in the original complaint and proposed amended complaint are not sufficient to demonstrate good cause where the proposed new claims would be confusing and ultimately prejudicial to defendants. *See Duchon*, 791 F.2d at 48. Prejudice itself is a sufficient and legitimate basis for denial of leave to amend. *See id.*

**B.     Argument**

Good cause does not exist to modify the scheduling order in this case pursuant to Fed. R. Civ. P. 16(b) because Plaintiff's proposed new claim would be prejudicial to Defendants. Contrary to the cases relied upon by Plaintiff, which grant leave to cure a deficiency in a pleading or allow amendments related to facts and claims already alleged in the original complaint, Plaintiff's proposed new claim is based on a separate transaction by a different business that took place in a foreign jurisdiction long after the original complaint was filed. As such, the amendment would add delay, complexity, and distraction to the ongoing case.

   i. <u>Plaintiff's Proposed Claim Has No Relation to This Proceeding or This Venue.</u>

Plaintiff cannot show good cause for its proposed amendment because it involves wholly new allegations that were not implicated or contemplated by the Original or Amended Complaints. None of the previously-recited facts or grounds for Plaintiff's allegations are relevant to the new claim. *See Leary*, 349 F.3d at 908 (finding defendant would suffer prejudice if plaintiffs were

4

allowed to "recast" claims with amendment); *Duchon*, 791 F.2d at 48 (denying leave due to "wholly distinct elements and natures" of plaintiff's new claims). Moreover, Plaintiff's proposed new claim is based on a discrete transaction that occurred long after the filing of its initial complaint nine months ago (May 2020) and two months after its deadline to amend its pleadings (December 2020). *See Ruth*, 1987 U.S. App. LEXIS 7518 at *19 (denying leave for amendment that attempted to assert cause of action that occurred after original cause of action).

Plaintiff's proposed new claim is not related to the Original or Amended Complaint for at least the following reasons:

1) It asserts allegations against a new business, namely, Jared the Galleria of Jewelry, which is distinct from Defendants' Kay business as well as its Zales business and operates separate stores from the businesses accused in the Amended Complaint.

2) It asserts allegations based on a transaction that took place near Houston, Texas, which is a different venue and located in different circuit. The new accused ring is a single custom ring that was allegedly requested by a customer and sold in a Jared store in McAllen Texas, far away from the Sixth Circuit. This custom process is separate from standard corporate process for the design and sales of commercial Jared-branded rings.

3) It asserts allegations against a novel custom ring with design elements that are distinct from the previously-accused rings.

4) It asserts allegations based on a completely different copyright registration that claims designs distinct from those in the registrations asserted in the Original and Amended Complaints.

Granting leave would require Defendants to designate an additional set of witnesses, address a separate and distinct transaction involving a different business, investigate a new

registration owned by plaintiff, and collect evidence from a location outside the Sixth Circuit to defend itself. For discovery and trial, all relevant witnesses, documents, and other evidence would have to be shipped into this District from Texas, and for trial in particular, the witnesses for Plaintiff's proposed new claim are outside the subpoena power of this Court. Ohio is simply not a convenient forum for this claim based in Texas.[1]

In the face of such a claim that would only increase the complexity of this case and result in delay, Plaintiff's attempts to lump together Jared's alleged actions with Kay's and Zales' alleged actions, and to assert that its separate copyright claims are somehow related even though they are based on different facts and transactions, different witnesses, and are not sufficient to create good cause. *See Duchon*, 791 F.2d at 48 (denying leave despite plaintiff's contentions that the similarity of issues and relationship of the defendants supported trying all actions in one proceeding). Accordingly, granting leave to Plaintiff would be highly prejudicial to Defendants. *See id.* (denying leave where new claim had distinct elements and nature).

      ii.      <u>The Cases Cited by Plaintiff are Inapposite.</u>

In contrast to Plaintiff's proposed amendment, the amendments allowed by courts in the cases cited in Plaintiff's Motion involve amendments that related closely to the original pleadings. These courts granted leave:

1) merely to "cure deficiencies" in a pleading, *see, e.g.*, *Inge v. Rock Financial Corp.*, 281 F.3d 613, 626 (6th Cir. 2002) ("because Plaintiff's request to amend was a prompt effort to remedy pleading deficiencies identified by the district court in the dismissal order -

---

[1] If this claim had been filed on its own in this District, Defendants would have moved to transfer venue pursuant to 28 U.S.C. § 1404, since the occurrence at issue occurred in Texas, which is the location of relevant witnesses and other sources of proof, and accordingly the most convenient, inexpensive, and efficient forum for the claim.

6

as opposed to an effort to add new claims or parties - we envision no prejudice to Defendant from granting leave to amend"); *Nichols v. Village of Minerva*, Ohio, 2015 WL 84574 (ND Ohio 2015) ("curing deficiencies in a pleading by way of amendment conserves the Court's resources"), or

2) to add allegations or claims related to facts and legal positions contemplated in the original complaint. *See, e.g.*, *Pandora Distribution, LLC v. Ottawa OH LLC*, 2015 WL 968007 (ND Ohio 2015) (new claim did not alter facts or theories of original complaint); *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986) ("Our principal basis for this decision is that the rejection of the amendment would preclude plaintiff's opportunity to be heard on the merits on facts which are well known to the parties and which were pleaded at the outset"); *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (facts alleged in old complaint supported proposed new claim).

Unlike the amendments allowed in the cases upon which Plaintiff relies, Plaintiff's proposed amendment involves claims and allegations that are not related to the ongoing case, arose well after this case was filed, and will result in undue prejudice to Defendants. Plaintiff's relied-upon cases do not support its proposed amendment.

### iii. Plaintiff's Proposed Claim Will Delay the Schedule.

The parties are far into discovery and have exchanged requests and responses to sets of interrogatories, requests for documents, and requests for admissions, with the fact discovery deadline less than two months away. Since the new claim involves a new set of facts set in a different jurisdiction, none of the previous discovery will apply, and the parties will be forced to perform discovery on the purported new claim from scratch. And because the accused transaction took place in Texas, the parties will be forced to divide their focus between completely different

evidentiary locations. Initiating new discovery efforts in a different district while attending to ongoing obligations in this district will cause undue delay to the schedule for discovery, dispositive motions, and trial, creating a lack of certainty prejudicial to defendants. *See Leary*, 349 F.3d at 906 (the rules are designed to ensure that "at some point both the parties and the pleadings will be fixed").

        iv.      <u>Plaintiff's Asserted Diligence is Not Sufficient for Good Cause.</u>

Defendants do not dispute Plaintiff's "diligence" in moving for leave to amend its complaint after it learned of the alleged events in Texas, which is the sole focus of its Motion. However, the Motion ignores the separate nature of the claim from its other allegations and the undue prejudice to Defendants, which typically result in denial of leave. Good cause is not a product of diligence alone, and prejudice resulting from wholly new claims and delay of a case schedule is a sufficient and legitimate basis for denial of leave to amend. *See Duchon*, 791 F.2d at 48.

## III.    NO OPPOSITION TO REMOVAL OF SIGNET JEWELERS LIMITED AS DEFENDANT

Defendants do not oppose the removal of Signet Jewelers Limited as Defendant because Plaintiff's claims in its Original and Amended Complaints more properly lie against Sterling Jewelers Inc.

## CONCLUSION

Plaintiff's Motion attempts to add an unrelated claim of alleged infringement to an already-complex case. Its purported concern for judicial efficiency is belied by the fact that its new proposed claim involves none of the facts or grounds originally contemplated in this case and alleged in the first two complaints, and instead requires addition of a new defendant business, new

8

copyright registration, new accused ring, new jurisdiction, new witnesses, new evidence, and new schedule. The result will be undue prejudice to defendants, confusion, and distraction, which do not serve judicial efficiency.

Most important, Plaintiff has not demonstrated good cause required by Fed. R. Civ. P. 16, and as a result, justice does not require, or even counsel, that the court grant leave to amend under Fed. R. Civ. P. 15. And Plaintiff is not left without remedy; indeed, justice and judicial efficiency are better served if Plaintiff is allowed to file its new claims where they belong, in Texas.

For the reasons above, Defendants respectfully request that the Court deny Plaintiff's Motion.

Dated: March 25, 2021                             Respectfully submitted,

/s/ Kyle B. Fleming
KYLE B. FLEMING (OH. BAR NO. 064644)
RENNER OTTO
1621 Euclid Avenue, Floor 19
Cleveland, Ohio 44115
T: 216.621.1113
F: 216.621.6165
kfleming@rennerotto.com

TIMOTHY P. GETZOFF (ADMITTED PRO HAC VICE)
AMY J. TINDELL (ADMITTED PRO HAC VICE)
HOLLAND & HART LLP
1800 Broadway, Suite 300
Boulder, Colorado 80302
T: 303.473.2700
F: 303.473.2720
tgetzoff@hollandhart.com
ajtindell@hollandhart.com

COUNSEL FOR DEFENDANTS SIGNET JEWELERS LIMITED AND STERLING JEWELERS INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2021, a true and correct copy of the foregoing was served via ECF on all counsel of record.

/Kyle B Fleming/
Kyle B Fleming

16427382_v4

11